IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | § | |
|---|---|---|
| KELLY M. CRAWFORD, as the Receiver for Richard Theye, Private Investors Credit Union, LC a/k/a Harmony Capital, RYCO Group, LLC, and First RYCO Group, LLC | § § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 1:11-cv-00024 |
| ADVANCED FINANCIAL SOLUTIONS, ALLAN TRUST DTD, LEONIE BATAC, JOVYLEN CO-BERMEJO, CONSOLIDATED CONSULTING GROUP, LETICIA RUIZ DE CRUZ, ANGEL DE MOLA, ALDRICH FAMISARAN, RAMON GARNICA, TERESA GARNICA, JONATHAN GIBBS, JOSE GOMEZ, LETICIA GOMEZ, DARLENE HAIN, MICHAEL HAUSO, TERRI HOPKINS, THE JEFFREYS GROUP, JELDEN FOUNDATION, JORGE JIMENEZ, ROBERT KROFCHEK, EUGENE LEBRUN, LYNN PARK, JOSH ROWLAND, JENNIFER ROWLAND, FRANCISCO RUIZ, SERGIO RUIZ, JOSHUA STORIEM, KARIN SULLIVAN, DON WASSMUTH, and LOIS GIBBS WEAVER | § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

## ORIGINAL COMPLAINT

Kelly M. Crawford, in his capacity as the court-appointed Receiver for Richard Theye, Private Investors Credit Union, LC a/k/a Harmony Capital ("PICU"), RYCO Group, LLC ("RYCO Group") and First RYCO Group, LLC ("First RYCO" and collectively, the "Receivership Entities") files this Original Complaint against Advanced Financial Solutions, Allan Trust DTD, Leonie Batac, Jovylen Co-Bermejo, Consolidated Consulting Group, Leticia Ruiz De Cruz, Angel De Mola, Aldrich Famisaran, Ramon Garnica, Teresa Garnica, Jonathan

**ORIGINAL COMPLAINT**    Page 1

Gibbs, individually, Jose Gomez, Leticia Gomez, Darlene Hain, Michael Hauso, Terri Litchfield Hopkins, The Jeffreys Group, Jelden Foundation, Jorge Jimenez, Robert Krofchek, Eugene LeBrun, Lynn Park, Josh Rowland, Jennifer Rowland, Francisco Ruiz, Sergio Ruiz, Joshua Storiem, Karen Sullivan, Don Wassmuth, and Lois Gibbs Weaver (collectively, "Defendants"). In support, the Receiver respectfully shows the Court the following:

## I.
## Parties

1. Plaintiff Kelly M. Crawford, Receiver ("Receiver") is an individual who resides in the State of Texas.

2. Defendant Advanced Financial Solutions is a limited liability partnership that may be served with process by serving any partner, including Jonathan Gibbs, c/o Total Health Foundation, Inc., 4251 Park Avenue, Hemet, California 92544-3239 or Roger McGehee, c/o McGehee Title & Loan Closings, Inc., 5810 Ridgewood Place, Suite E, Jackson, Mississippi 39211 or wherever else either or any partner may be found.

3. Defendant Allan Trust DTD is a Trust that may be served with process by serving its Trustee, Reginald Allan, at 11570 Milford Haven Drive, Loma Linda, California 92354 or wherever else he may be found.

4. Defendant Leonie Batac is an individual who may be served with process at 1871 Hardt Street, Loma Linda, California 92354 or wherever else he may be found.

5. Defendant Jovylen Co-Bermejo is an individual who may be served with process at 2213 South Crescent Circle, Colton, California 92324 or wherever else she may be found.

6. Defendant Consolidated Consulting Group is a limited liability partnership that may be served with process by serving any partner, including its Agent for Service of Process,

Arturo A. Salazar, 119 North Trevor Street, Anaheim, California 92806, or wherever he may be found.

7. Defendant Leticia Ruiz De Cruz is an individual who may be served with process at 5571 Crestline Place, Rancho Cucamonga, California 91739 or wherever else she may be found.

8. Defendant Angel De Mola is an individual who may be served with process at 2154 Dana Circle, Corona, California 92879-2800 or wherever else he may be found.

9. Defendant Aldrich Famisaran is an individual who may be served with process at 380 Los Altos Avenue, Long Beach, California 90814 or wherever else he may be found.

10. Defendant Ramon Garnica is an individual who may be served with process at his usual place of abode or his place of business or wherever else he may be found.

11. Defendant Teresa Garnica is an individual who may be served with process at her usual place of abode or her place of business or wherever else she may be found.

12. Defendant Jonathan Gibbs is an individual who may be served with process at his place of business at 4251 Park Avenue, Hemet, California 92544 or wherever else he may be found.

13. Defendant Jose Gomez is an individual who may be served with process at 2217 West Chandler Avenue, Santa Ana, California 92704 or wherever else he may be found.

14. Defendant Leticia Gomez is an individual who may be served with process at 2217 West Chandler Avenue, Santa Ana, California 92704 or wherever else she may be found.

15. Defendant Darlene Hain is an individual who may be served with process at 1320 Albany Road, Harrisburg, PA 17112-1601 or wherever else she may be found.

16. Defendant Michael Hauso is an individual who may be served with process at 35966 Leah Lane, Yucaipa, California 92399 or wherever else he may be found.

17. Defendant Terri Litchfield Hopkins is an individual who may be served with process at 11820 La Costa Court, Yucaipa, California 92399 or wherever else she may be found.

18. Defendant The Jeffreys Group is a limited liability partnership that may be served with process by serving any partner, including William Jeffreys, 13742 Judy Anne Lane, Santa Ana, California 92705.

19. Upon information and belief, Defendant Jelden Foundation is a limited liability partnership that may be served with process by serving any partner, including Jaime D. Arcilla, 4000 Pierce Street, #108, Riverside, California 92505 or wherever else he may be found.

20. Defendant Jorge Jimenez is an individual who may be served with process at 12130 Knoefler Drive, Riverside, California 92505 or wherever else he may be found.

21. Defendant Robert Krofchek is an individual who may be served with process at 14056 25th NE, Seattle, Washington 98125 or wherever else he may be found.

22. Defendant Eugene LeBrun is an individual who may be served with process at 1305 Cahuilla Street, Colton, California 92324 or wherever else he may be found.

23. Defendant Lynn Park is an individual who may be served with process at 11207 Magnolia Avenue, Apt. 108, Riverside, California 92505 or wherever else she may be found.

24. Defendant Josh Rowland is an individual who may be served with process at 26071 Reynolds Street, Loma Linda, California 92354 or wherever else he may be found.

25. Defendant Jennifer Rowland is an individual who may be served with process at 26071 Reynolds Street, Loma Linda, California 92354 or wherever else she may be found.

26. Defendant Francisco Ruiz is an individual who may be served with process at 17686 Streamside Lane, Riverside, California 92503-6567 or wherever else he may be found.

27. Defendant Sergio Ruiz is an individual who may be served with process at 12773 Arena Drive, Rancho Cucamonga, California 91739 or wherever else he may be found.

28. Defendant Joshua Storiem is an individual who may be served with process at 3558 Roslyn Street, Riverside, California 92504 or wherever else he may be found.

29. Defendant Karin Sullivan is an individual who may be served with process at 9013 Caldera Way, Sacramento, California 95826 or wherever else she may be found.

30. Defendant Ferdinand Villanueva is an individual who may be served with process at 949 Nantucket Boulevard, Salinas, California 93906 or wherever else he may be found.

31. Defendant Don Wassmuth is an individual who may be served with process at 8539 Barnwood Lane, Riverside, California 92508 or wherever else he may be found.

32. Defendant Lois Gibbs Weaver is an individual who may be served with process at 2095 Roberts Place, Escondido, California 92029 or wherever else she may be found.

## II.
## Jurisdiction and Venue

33. The court has continuing subject matter ancillary federal jurisdiction pursuant to 28 U.S.C. § 1331 and the August 27, 2010 Order pursuant to which the Receiver was appointed, ("Receivership Order") issued in Civil Action No. 1:10-CV-385-SS, *CFTC v. Theye, et al.,* in the United States District Court for the Western District of Texas (the "Underlying Lawsuit"). Pursuant to the Receivership Order,[1] the Receiver has exclusive custody and control over all Receivership Assets, which include all claims owned by PICU, RYCO Group, and First Ryco as those entities are defined in the Receivership Order. This lawsuit is filed pursuant to the

---

[1] A true and correct copy of the Receivership Order is attached as **Exhibit A** and is incorporated by reference.

Receiver's execution of his duties as defined in the Receivership Order to recover funds owed to the Receivership Entities, and accordingly, ancillary jurisdiction exists regardless of amount in controversy, diversity, or any other factor.[2]

34. Further, the Court has subject matter jurisdiction and personal jurisdiction over each of the Defendants pursuant to 28 U.S.C. § 1692 and 28 U.S.C. § 754.

35. Venue in this District is proper pursuant to 28 U.S.C. §1391(a) because a substantial part of the events and omissions giving rise to the claim occurred in Austin, Texas. Moreover, because ancillary jurisdiction exists, ancillary venue also exists.[3]

## III.
## Conditions Precedent

36. All conditions precedent to the filing of this Original Complaint have been performed or have occurred.

## IV.
## Background Facts

37. As set forth in the Commission's Complaint in the Underlying Lawsuit,[4] beginning not later than 2005, Richard Theye, by and through the Receivership Entities solicited investments which he represented would be pooled in an unregistered commodity pool.[5] Theye induced the investments by making numerous false statements regarding the profitability and manner of operation of the Theye Investment Program. In truth, Theye invested only a small

---

[2] *Crawford v. Silette*, 608 F.3d 275, 278 (5th Cir. 2010).

[3] *SEC v. Bilzerian*, 378 F.3d 1100, 1107 (D.C. Cir. 2004).

[4] The Receiver hereby incorporates by reference all of the factual allegations in the Commission's Complaint in the Underlying Lawsuit. For convenience, a true and correct copy of the Commission's Complaint is attached as **Exhibit B**.

[5] The investment programs Theye operated through each of the Receivership Entities are referenced below collectively, as the "Theye Investment Program."

fraction of the investment funds he received, and those investments resulted in losses to the pool of several hundred thousand dollars.

38. Theye was indicted for his activities in operating the Receivership Entities as a fraudulent Ponzi scheme, and in July 2010, Theye admitted the factual allegations related to the charges against him, including his operation of the Receivership Entities as a Ponzi scheme. A true and correct copy of the "*Factual Basis of Guilty Plea filed July 13, 2010 in United States v. Richard Donald Theye, Criminal Action No. A-10-CR-346,* and the Magistrate's Report and Recommendation regarding Theye's guilty plea and plea agreement, is attached as **Exhibit C**. Pursuant to a plea agreement Theye pled guilty to Securities and Commodities Fraud, and numerous counts of wire fraud.

39. The majority of the funds Theye received in connection with the Theye Investment Program were used to make Ponzi payments – fictional profits derived from later investments rather than earnings – to induce further and additional investments, or otherwise misappropriated by Theye. The Ponzi payments made to each of the Defendants are Receivership Assets,[6] which the Receiver is entitled to recover on behalf of the Receivership Entities.

40. After each of the Defendants invested with the Receivership Entities, they each received Ponzi payments from the Receivership Entities. The Ponzi payments were funds paid to each Defendant over and above the amount of each respective Defendants' principal

---

[6] The Receivership Order provides the Receiver with possession and control and all rights to administer the "Receiver Estate", which the Receivership Order defined as "all of Defendants' Assets, as that term is defined in Paragraph 8 or the SRO. *Receivership Order,* ¶¶ 2 & 3. The Statutory Restraining Order (the "SRO") in turn, defines "Defendants' Assets" as "any legal or equitable interest in, right to, or claim to … any real or personal property, including, but not limited to: chattels, goods, … general intangibles…" *SRO,* ¶ 8. The Receiver incorporates by reference the relevant provisions of the SRO, which is Docket No. 13 in the Underlying Lawsuit. "Defendants' Assets" as defined in the SRO and which this Court has assumed jurisdiction by including those assets in the "Receiver Estate" are referenced above as "Receivership Assets."

investment. Rather than actual profits earned by the commodity pool, however, the Ponzi payments Defendants' received were other investors' funds.

41. The net amount of Ponzi payments received by each defendant during the period 2000 to 2009 and paid by one or more of the Receivership Entities is reflected in records for the Receivership Entities, in the respective amounts shown below:

| Defendant | Net Ponzi Payment |
|---|---|
| Advanced Financial Solutions/Jonathan Gibbs | $11,950.00 |
| Allan Trust DTD | $85,042.94 |
| Batac, Leonie | $3,456.36 |
| Co-Bermejo, Jovylen | $12,118.51 |
| Consolidated Consulting Group | $8,719.34 |
| De Cruz, Leticia Ruiz | $11,744.02 |
| De Mola, Angel | $37,177.03 |
| Famisaran, Aldrich | $321,500.00 |
| Garnica, Ramon & Teresa | $273.08 |
| Gomez, Jose & Leticia | $3,143.68 |
| Hain, Darlene | $6,550.00 |
| Hauso, Michael | $10,273.18 |
| Hopkins, Terri | $3,253.68 |
| Jeffreys Group | $4,841.06 |
| Jelden Foundation | $42,253.23 |
| Jimenez, Jorge | $2,721.22 |
| Krofchek, Robert | $39,310.32 |
| LeBrun, Eugene | $17,165.21 |
| Park, Lynn | $23,750.00 |
| Rowland, Josh & Jennifer | $10,853.48 |
| Ruiz, Francisco | $3,143.30 |
| Ruiz, Sergio | $833.65 |
| Storiem, Joshua | $5,512.95 |
| Sullivan, Karin | $3,275.88 |
| Wassmuth, Don | $2,371.57 |
| Weaver, Lois Gibbs | $2,200.00 |
| **TOTAL:** | **$673,433.69** |

42. Shortly after his appointment, the Receiver sent demand letters to each Defendant requesting that each return the Ponzi payments, and explaining the basis for the Receiver's entitlement to recover such funds. Each of the Defendants ignored or refused to comply with the

Receiver's demands. By failing to turn over such monies to the Receiver, the Defendants are knowingly violating the terms of this Court's orders.

## V.
## CLAIMS FOR RELIEF

**A. FRAUDULENT TRANSFER**

43. The Receiver alleges and hereby incorporates by reference each and every allegation made in Paragraphs 1 through 42 of this Original Complaint as if each were separately set forth herein.

44. Beginning in late 2000 and continuing until 2009, one or more of the Receivership Entities, at the direction and under the control of Theye, transferred Ponzi payments totaling not less than $673,433.69 to the Defendants. Each of these transfers was fraudulent as to the Receivership Entities and their creditors pursuant to the Uniform Fraudulent Transfer Act. Because the Theye Investment program operated by Theye by and through the Receivership Entities was by its nature a fraudulent enterprise from inception, transfers made in furtherance of such an enterprise are fraudulent as a matter of law[7], and each transfer was willful and malicious and made with actual intent to defraud.

45. More specifically, each of the transfers referred to above were made not from investment income earned by the Receivership Entities, but from the funds invested in the Receivership Entities by the various investors in the program. Moreover, because the funds the Receiver seeks to recover are Ponzi payments, over and above the amount of any respective

---

[7] *Warfield v. Byron*, 436 F.3d 551 (5th Cir. 2006)

**ORIGINAL COMPLAINT**

Defendants' investment, the transfers were made without the exchange of reasonably equivalent value.

46. Each of the transfers from the Receivership Entities to the Defendants over and above the amount of each respective Defendants' investment should be set aside and the Defendants should be ordered to disgorge to the Receiver such funds in compliance with this Court's orders, and the UFTA, Tex. Bus. & Comm. Code § 24.001 et seq. To the extent the funds have been used to acquire real or personal property that any Defendant claims an interest in, such interests should be set aside.

47. Finally, pursuant to Tex. Bus. & Comm. Code 24.013, the Receiver seeks the recovery of his attorney's fees.

**B.    UNJUST ENRICHMENT**

48. The Receiver alleges and hereby incorporates by reference each and every allegation made in Paragraphs 1 through 42 of this Original Complaint as if each were separately set forth herein.

49. The Defendants have each been unjustly enriched by the amount of funds each received from the Receivership Entities over and above the principal amount of their respective investments, and the Receiver has a superior equitable interest to recover the Ponzi payments received by Defendants from the Receivership Entities.

**C.    REQUEST FOR AN ACCOUNTING**

50. The Receiver alleges and hereby incorporates by reference each and every allegation made in Paragraphs 1 through 42 of this Original Complaint as if each were separately set forth herein.

51. The Defendants are in wrongful possession of substantial monies paid to them from monies invested in the Receivership Entities by other investors, which was obtained by the Receivership Entities through fraudulent and misleading means. The Defendants have each been provided a copy of the Receivership Order which requires their cooperation, and each of the Defendants has failed and refused to comply with the Receiver's demands. To date, the Defendants have failed to return to the Receiver the Ponzi payments they received, to identify the bank accounts in which the funds are held, or to account for the use of the funds. The Receiver is entitled to an accounting specifying the location of the funds, the persons or entities with control over the funds, and the location of any assets purchased with the funds.

52. The Receiver requests that the Court enter an Order compelling the Defendants to file with the Court and serve upon the Receiver an accounting, under oath, detailing all of their assets and all of their funds and other assets received from Receivership Entity investors and from one another.

**D. MONEY HAD AND RECEIVED**

53. The Receiver alleges and hereby incorporates by reference each and every allegation made in Paragraphs 1 through 42 above as if each were separately set forth below.

54. In the alternative, and without waiver of the foregoing, each of the Defendants received money or valuable property from the Receivership Entities and in equity and good conscience, the money or property each received belongs to the Receivership Estate for the further benefit of defrauded investors and creditors of the Estate. The Receiver hereby sues for the recovery of all money and property had and received by the Defendants, together with all pre- and post-judgment interest as allowed by law.

### E.     ATTORNEY'S FEES

55.     The Receiver seeks the recovery of all reasonable attorneys fees and expenses incurred in obtaining judgment against each of the Defendants, as allowed by law or in equity, and those attorneys fees and expenses required to pursue any appeal.

### F.     CONDITIONS PRECEDENT

56.     The Receiver alleges and hereby incorporates by reference each and every allegation made in Paragraphs 1 through 42 above as if each were separately set forth below.

57.     All conditions precedent necessary to perfect the claims asserted above have occurred or been satisfied.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Receiver, Kelly M. Crawford respectfully prays that this Court order disgorgement or alternatively award the Receiver judgment against the Defendants in an amount to be determined through discovery, plus prejudgment and post judgment interest, attorneys fees, expenses, and court costs; and that the Court grant such other and further relief as prayed for herein, both at law and in equity, to which he may show himself justly entitled.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

By: */s/ Charlene C. Koonce*
     Charlene C. Koonce
     State Bar No. 11672850

500 N. Akard Street, Suite 2700
Dallas, Texas 75201
Telephone: (214) 706-4200
Telecopier: (214) 706-4242

**ATTORNEYS FOR RECEIVER
KELLY M. CRAWFORD**